IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br>1331 G Street, NW, Suite 200<br>Washington, DC 20005,<br><br>                                  *Plaintiff*,<br><br>v.<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>Office of the General Counsel<br>20 Massachusetts Avenue NW<br>Washington, DC 20529,<br><br>                                  *Defendant*. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiff the American Immigration Council ("Council") brings this action against the U.S. Citizenship and Immigration Services ("USCIS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the disclosure of records regarding the adjudication of petitions for foreign-born workers. The statutory deadline for the agency to respond to two related FOIA requests has expired and Defendant has failed to make a determination on the requests in violation of FOIA.

2.      The Council brings this FOIA challenge against a backdrop of sweeping changes USCIS has instituted in the adjudication of petitions for foreign-born workers – those that would be employed temporarily and permanently – under the current administration. The agency now more frequently requests additional evidence, requiring onerous and time-consuming responses, in support of petitions that are already sufficiently supported by evidence. It also has introduced policies that allow adjudicators greater discretion to deny petitions without requesting additional

1

evidence or providing notice of the intent to deny petitions. And it denies petitions at a significantly greater rate.

3. With the data sought through the requests, the Council hopes to better understand USCIS' adjudication of employment-based immigrant and nonimmigrant petitions and how the adjudication process has evolved over multiple years. In addition, the requested data will allow Council researchers to analyze the impact of these trends on petitioners, beneficiaries, and industries. The Council aims to make the data and analysis publicly available in order to contribute to public understanding of how USCIS adjudicates petitions that allow qualified noncitizen workers to be lawfully employed in the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because the Plaintiff's principal place of business is in the District of Columbia.

6. To date, Defendant has only acknowledged receipt of the two FOIA requests and has not made determinations with respect to the requests. Because Defendant has failed to respond within the statutory timeframe, Plaintiff has exhausted its administrative remedies in connection with the requests as a matter of law. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

7. Plaintiff Council is a tax-exempt, not-for-profit educational and charitable organization under Section 501(c)(3) of the Internal Revenue Code, with its principal place of business at 1331 G Street, Suite 200, Washington, DC 20005. Founded in 1987, the Council

works to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of America's immigrants. Through its research and analysis, the Council has become a leading resource for policymakers and opinion makers at the national, state, and local levels who seek to understand the power and potential of immigration and to develop policies that are based on facts rather than myths. The Council also seeks, through court action and other measures, to hold the government accountable for unlawful conduct and restrictive interpretations of the law and for failing to ensure that the immigration laws are implemented and executed in a manner that comports with due process.

8. Defendant USCIS is an agency within the meaning of 5 U.S.C. § 552(f). USCIS administers the nation's lawful immigration system by "efficiently and fairly adjudicating requests for immigration benefits . . .". *About Us*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/aboutus (last visited April 9, 2019). Among other duties, USCIS is responsible for adjudicating nonimmigrant and immigrant petitions. Defendant USCIS has possession of and control over the records requested by Plaintiff.

**STATEMENT OF FACTS**

9. A recent report analyzing USCIS aggregate data indicated that denial rates for all nonimmigrant worker petitions, or Form I-129, Petition for a Nonimmigrant Worker ("I-129 Petition"), jumped from 19.6% to 22.6% between 2017 and 2018. David Bier, *Immigration Application Denial Rates Jump 37% Under Trump*," Table 1: Denial Rates for Immigration Applications (November 15, 2018), https://bit.ly/2FtLbDZ.

10. Denial rates for immigrant worker petitions, or Form I-140, Petitions for an Immigrant Worker ("I-140 Petition"), also rose from 7.5% to 8.6% between 2017 and 2018. *Id.*

11. A slightly more granular look at available data shows a more significant change in the adjudication patterns. For example, the rate for requests for evidence in connection with I-129 petitions filed for the H-1B nonimmigrant workers (highly-skilled foreign-born professionals) rose from 17.3% in the first quarter of the fiscal year 2017 to 68.9% in the fourth quarter. Denial rates rose as well – from 19.8% in the first quarter to 22.4 % in the fourth quarter. *See* National Foundation for American Policy, *H-1B Denials and Requests for Evidence Increase Under the Trump Administration, Table 1* (July 2018), https://bit.ly/2OiY6ZC.

12. To better understand whether and in what ways specific factors (including, but not limited to, characteristics of employers, establishments where the work is performed, attributes of foreign-born workers, or certain jobs) lead to a higher likelihood of approval, denial, or requests for evidence, the Council requested individual-level information (or microdata) about the I-129 and I-140 Petitions. This type of data is essential to draw inferences regarding the relationship between explanatory factors and adjudication outcomes.

13. The I-129 Petition allows employers to petition USCIS to bring foreign-born workers to the United States temporarily. *I-129, Petition for a Nonimmigrant Worker*, *Form I-129*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/i-129 (last visited April 9, 2019). There are "classifications" of nonimmigrant workers that always require an I-129 Petition (e.g., H-2A temporary agricultural workers; O-1 workers of extraordinary ability in arts, science, education, business, or athletics; R-1 religious workers; and Q-1 workers coming to participate in an international cultural exchange program). *See I-129, Petition for a Nonimmigrant Worker, Instructions for Form I-129* 2-3, https://www.uscis.gov/i-129 (describing each "classification") (last visited April 9, 2019). There also are several classifications that

require an I-129 Petition only if the worker is already in the United States and would like to extend the stay or change immigration status. *See Id*.

14. The U.S. Department of Homeland Security (DHS) admitted 3,969,276 nonimmigrant workers to the United States in 2017. *See Annual Flow Report, Nonimmigrant Admissions by Class of Admissions, Table 1*, Office of Immigration Statistics, Department of Homeland Security, https://bit.ly/2FO7jFY.

15. The Council also seeks information about the I-140 Petition. For most categories of permanent residence based on employment, a foreign-born worker must be the beneficiary of an I-140 Petition filed by a prospective or current employer and approved by USCIS for a particular immigrant visa preference category. *See I-140, Immigrant Petition for Alien Workers, Form I-140*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/i-140 (last visited April 9, 2019); *Instructions for Form I-140*, https://bit.ly/2OVaShO (eligible workers include, e.g., an outstanding professor or researcher; an experienced manager or executive; a professional holding an advanced degree or an individual with exceptional ability in the sciences, arts, or business; and a skilled worker (requiring at least two years of specialized training or experience)) (last visited April 9, 2019). This is one step in the permanent residence process.

16. In 2017, according to one report, USCIS approved 116, 253 I-140 Petitions. David Bier, *Immigration Application Denial Rates Jump 37% Under Trump*," Table 3: Immigration Applications Approvals (November 15, 2018), https://bit.ly/2FtLbDZ.

17. Without the requested FOIA data, the Council lacks the information to fully assess and explain historical (as well as more recent) trends in adjudication patterns, including, for example, the potential existence of biases in the adjudication process.

18. Because the information the Council seeks is not otherwise available, we anticipate analysis of the data will benefit the public, including the media, research community, litigators, advocates, policymakers and the greater public. The Council anticipates that it will provide new and valuable insight into how the U.S. employment-based immigration system functions, including whether the adjudication process is fair and consistent.

## THE FOIA REQUESTS

19. On November 16, 2018, the Council submitted its first FOIA request to USCIS. The request asked for a complete dataset containing information about all Forms I-129, Petition for a Nonimmigrant Worker filed during the time period from October 1, 2008 through the date of the final response to the request ("I-129 FOIA"). Exhibit A.

20. Among other data, the request asks for information about whether each petition was denied or approved and information specific to each petition, including 1) information about the petitioner such as the company or organization name and the location of company; 2) the requested nonimmigrant classification for the petition; 3) beneficiary information such as gender and nationality; and 4) information about the proposed employment and employer such as job title and compensation.

21. On November 28, the agency sent a letter acknowledging receipt of the FOIA request on November 19, 2018 and stating that the FOIA request had been placed in "the simple track (Track 1)" for processing. Exhibit B.

22. The agency did not ask for additional time to process the FOIA request beyond the statutory twenty days. *See* 5 U.S.C. §552(a)(6)(B)(i)-(iii) (allowing an additional ten days to respond to a FOIA request in unusual circumstances).

23. Presently, USCIS' average processing times for FOIA requests far exceed twenty days. For Track One requests (where a requester is not asking for information specific to an immigration case file), the average processing time is 138 days. *See Check Status of FOIA Request*, U.S. Citizenship and Immigration Services, https://bit.ly/2tNFdGI (last visited April 9, 2019).

24. Over 138 days have elapsed since the Council filed the I-129 FOIA request. On February 28, 2019, the Council's request was number 210 of 324 pending requests; on March 28, 2019, the request was number 178 out of 321 pending requests; and on April 8, 2019 the request was number 169 of 310 pending requests. Thus, according to the information available on USCIS' website, the request has made very little progress over the months it has been pending and USCIS will not respond to the request in the foreseeable future.

25. On January 22, 2018, the Council submitted its second FOIA request to USCIS. That request asks for data from all Forms I-140, Immigrant Petition for Alien Workers, filed between October 1, 2008 to the present ("I-140 FOIA"). Exhibit C.

26. Similar to the I-129 FOIA request, the I-140 FOIA request asks for information about whether the petition was denied or approved and other information from the form fields, including 1) information about the petitioner such as whether the employer is an individual or company; 2) the immigrant visa preference category (such as multinational executive or manager, outstanding professor or researcher, or skilled worker); 3) information about the beneficiary such as gender and nationality; and 4) information about the proposed employment such as job title and worksite location.

27. On January 24, 2019 the agency sent a letter acknowledging receipt of the second FOIA request on January 23, 2019. Exhibit D. The letter stated that the request had been placed in the "simple track (Track 1)" for processing.

28. As it did with the I-129 FOIA, the agency did not ask for additional time to process the FOIA request beyond the statutory twenty days. On February 28, 2019, the Council's I-140 FOIA was number 288 of 324 pending requests; on March 28, 2019, the request was number 253 out of 321 pending requests; and on April 8, 2019, the request was number 243 of 310 pending requests. Like the I-129 FOIA, this I-140 FOIA has gained little ground in the more than two months it has been pending. As a Track 1 Request, the average processing time also is 138 days. Like the I-129 FOIA, this FOIA likely will not be completed within average processing time.

29. Since USCIS submitted acknowledgement letters, the Council has received no further correspondence from USCIS regarding either request.

16. FOIA requires each agency, upon a request for records, 1) to conduct a search reasonably calculated to uncover all responsive documents; 2) to make the records available in the form or format requested if they are readily reproducible in that format; and 3) to promptly make available responsive records. 5 U.S.C. § 552(a)(3)(A)-(C).

17. FOIA also requires the agency to make a determination of whether it will comply with the request within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i); 6 C.F.R. § 5.6(c). If unusual circumstances apply, then an agency may request, by written notice, an additional 10 working days to issue its determination. 5 U.S.C. § 552(a)(6)(B)(i).

18. If an agency fails to comply with the time periods set forth in the statute, then the requester is "deemed to have exhausted his administrative remedies," and may seek judicial

review. 5 U.S.C. § 552(a)(6)(C)(i). The agency also will not be permitted to assess search fees if it fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(4)(A)(viii)(I); 6 C.F.R. § 5.11(d)(2).

19. As of the date of this complaint, after the expiration of the statutory time period for a response, Defendant USCIS has failed to notify Plaintiff 1) of any determination regarding the requests, including the scope of any responsive records USCIS intends to produce or withhold; 2) whether USCIS will grant the Council's fee waiver request; and 3) whether USCIS will produce the requested records or demonstrate that the requested records are lawfully exempt from production.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Conduct an Adequate Search

20. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. Defendant is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Plaintiff's FOIA Requests.

22. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

23. Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C) and the regulations promulgated thereunder.

## COUNT 2
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Disclose Responsive Records

24. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25. Defendant is obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA requests and supplement thereto.

26. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

27. Defendant's failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## COUNT 3
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Timely Respond

28. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. Defendant is obligated under 5 U.S.C. § 552(a)(6)(A)(i) to promptly produce records responsive to Plaintiff's FOIA requests. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

30. Defendant's failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

1. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

2. Declare that Defendant's failure to disclose records responsive to Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder;

3. Declare that Defendant's failure to promptly produce records responsive to Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

4. Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding records;

5. Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation; and

6. Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: April 9, 2019                                          Respectfully submitted,

*/s/ Emily J. Creighton*

Emily J. Creighton (Bar No. 1009922)
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7514 (phone)
(202) 742-5619 (fax)
ecreighton@immcouncil.org

Claudia Valenzuela
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7540 (phone)
(202) 742-5619 (fax)
cvalenzuela@immcouncil.org

*Counsel for Plaintiff*